IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DANNY R. COLLINS, et al.,

        Plaintiffs,

v.                                  CIVIL ACTION NO.  2:16-cv-04151

BRANCH BANKING AND TRUST COMPANY, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Defendant Seneca Trustees, Inc.'s Motion to Dismiss (ECF No. 6).[1] The Motion to Dismiss is **GRANTED IN PART** as to Counts I and III and **DENIED IN PART** as to Count II.

*I.    BACKGROUND*

This action arises out of a complaint Plaintiffs Danny and Mary Beth Collins ("Plaintiffs") filed in the Circuit Court of Jackson County, West Virginia on June 12, 2015.  According to the Complaint, Plaintiffs purchased a house at 35 Second Street, Cottageville, West Virginia, in 2002. While they initially financed the house through another bank, Defendant Branch Banking and Trust Company ("BB&T") purchased that bank and took over as the servicer of the loan. Defendant Seneca Trustees, Inc. ("Seneca") served as the trustee on the Deed of Trust for the mortgage.

---

[1] Plaintiff's Complaint also requests a Temporary Restraining Order to halt Defendants from further eviction proceedings.  The docket sheet from the Jackson County Circuit Court indicates that this TRO was granted prior to removal on June 16, 2015.  (ECF No. 1-3 at 1.)

The Complaint also contains the following allegations. In October 2014, Plaintiffs asked for a forbearance on the loan, which BB&T granted in November or December 2014. In March 2015, a BB&T representative named Tammy Dawson contacted Plaintiffs, and they discussed a loan modification with her. Ms. Dawson indicated to Plaintiffs that they could modify the loan terms if they paid a sum of $2,000. Plaintiffs paid the sum and believed their loan was modified as they had desired. However, BB&T initiated foreclosure proceedings on their home anyway, and BB&T bought Plaintiffs' home at foreclosure on March 3, 2015, and then conveyed the property to Defendant Federal Home Loan Mortgage Companies ("Freddie Mac"). Prior to the sale, BB&T and Seneca failed to notify Plaintiffs of the sale or provide an opportunity to reinstate the loan. During the relevant period, BB&T also failed to credit some payments Plaintiffs made and demanded payments that were not due.

The Complaint alleges a claim for Breach of the Duty of Good Faith and Fair Dealing (Count I) against all three Defendants, a Breach of Fiduciary Duty of Trustee claim (Count II) against Seneca, and an Illegal Debt Collection claim under West Virginia Code § 46A-2-127 (Count III) against all three Defendants. Invoking the Court's jurisdiction under 12 U.S.C. § 1452(f)(3), Defendant Freddie Mac filed a timely notice of removal on May 4, 2016, to which Defendants BB&T and Seneca consented. Seneca filed this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on May 20, 2016, and Plaintiffs have not filed a response.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Allegations "must be simple, concise, and direct" and "[n]o technical form is required." Fed. R. Civ. P. 8(d)(1). A motion to

dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a civil complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). "[I]t does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A C. Wright & A. Miller, *Federal Practice and Procedure* § 1356 (1990)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court decides whether this standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer that "the defendant is liable for the misconduct alleged." *Id.* A motion to dismiss will be granted if, "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards*, 178 F.3d at 244.

### III.    DISCUSSION

*A.  Count One - Breach of Duty of Good Faith and Fair Dealing*

Seneca moves to dismiss Count I on the grounds that Plaintiffs have not alleged a contractual relationship with Seneca.

West Virginia law "implies a covenant of good faith and fair dealing in every contract for the purposes of evaluating a party's performance of that contract." *Hoffmaster v. Guiffrida*, 630 F. Supp. 1289, 1290 (S.D. W. Va. 1986). In the absence of a definitive holding from the Supreme

Court of Appeals of West Virginia ("WVSCA"), this Court has interpreted West Virginia law not to recognize this duty outside of a contract. *See Stand Energy Corp. v. Columbia Gas Transmission Corp.*, 373 F. Supp. 2d 631, 644 (S.D. W. Va. 2005). The WVSCA has recognized this ruling, noting without disagreeing "it has been held that an implied covenant of good faith and fair dealing does not provide a cause of action apart from a breach of contract claim." *Highmark W. Va., Inc. v. Jamie*, 655 S.E.2d 509, 514 (W. Va. 2007); *see also Hanlon v. AXA Equitable Life Ins. Co.*, No. 15-0337, 2016 WL 2968990, at *3 (W. Va. May 20, 2016) (affirming summary judgment on the basis that there is no cause of action for a breach of the duty of good faith and fair dealing independent of a contract).

As Seneca points out, the Complaint does not allege that it is a party to any contract with Plaintiffs. Accordingly, Plaintiffs cannot state a claim for a breach of the duty of good faith and fair dealing against Seneca.

B. *Count Two – Breach of Fiduciary Duty of Trustee*

Seneca moves to dismiss Count II of the Complaint on the grounds that it has complied with the fiduciary duties of a trustee.

Under West Virginia law, a trustee is a third party who acts as an agent of both the creditor and debtor with respect to a debt secured by a piece of property. *See Lucas v. Fairbanks Capital Corp.*, 618 S.E.2d 488, 493 (W.Va. 2005) (citing Syl. pt. 7, *Hartman v. Evans*, 18 S.E. 810 (W.Va. 1893)). A trustee's duties with regard to a sale of such property are provided by statute:

> The trustee in any trust deed given as security shall, whenever required by any creditor secured or any surety indemnified by the deed, or the assignee or personal representative of any such creditor or surety, after the debt due to such creditor or for which such surety may be liable shall have become payable and default shall have been made in the payment thereof, or any part thereof, by the grantor or other person owing such debt, and if all other conditions precedent to sale by the trustee,

4

as expressed in the trust deed, shall have happened, sell the property conveyed by the deed, or so much thereof as may be necessary, at public auction, having first given notice of such sale as prescribed in the following section.

W. Va. Code § 38-1-3.

As Seneca notes, the complaint contains only one paragraph with factual assertions relating directly to Seneca as the trustee. That paragraph alleges:

> Defendants BB&T and [Seneca] failed to provide any notice to the Plaintiffs of any impending foreclosure. Further, they failed to provide the reinstatement amount or the deadline by which any reinstatement amount should be paid. Defendants BB&T and [Seneca] failed to provide Plaintiffs with any opportunity to reinstate the subject loan.

(ECF No. 1-3 ¶ 12.) Seneca does not argue that this allegation does not state a plausible claim or that it had no fiduciary duty. Rather, Seneca argues that it properly provided notice of the sale as required by the Deed of Trust and W. Va. Code § 38-1-4.[2] However, in support of this assertion, Seneca directs the Court to evidence outside the pleadings, including a letter from BB&T to Plaintiffs, a letter from Seneca to Plaintiffs, Seneca's foreclosure notice, and a notice of the foreclosure sale that was published in the *Jackson Herald* newspaper. Elsewhere in its memorandum, Seneca asserts that these attached documents are "matters of public record" which

---

[2] The Deed of Trust requires that:
> All notices given by Borrower or Lender in connection with this Security Agreement must be in writing. Any notice to Borrower in connection with this Security Agreement shall be deemed to have been given to the Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means.

(ECF No. 6-3 ¶ 15.) W. Va. Code § 38-1-4 requires:
> [T]rustee shall publish a notice of a trustee's sale as a Class II legal advertisement in compliance with the provisions of article three, chapter fifty-nine of this code, and the publication area for such publication shall be the county where the property is located . . . . [A] copy of such notice shall be served on the grantor in such trust deed, or his agent or personal representative, by certified mail, return receipt requested, directed to the address shown by the grantors on the deed of trust . . . . Every notice of sale by a trustee under a trust deed shall show the following particulars: (a) The time and place of sale; (b) the names of the parties to the deed under which it will be made; (c) the date of the deed; (d) the office and book in which it is recorded; (e) the quantity and description of the land or other property or both conveyed thereby; and (f) the terms of sale.

W. Va. Code § 38-1-4.

the Court can take judicial notice of without converting Seneca's Motion to Dismiss into a motion for summary judgment. (ECF No. 7 at 3 n.1.)

A court typically "cannot consider allegations made outside of the pleadings" when considering a motion to dismiss. *Cunningham Energy, LLC v. Outman*, Civil Action No. 2:13–cv–20748, 2013 WL 5274361, at *4 (S.D. W. Va. Sept. 18, 2013) (citation omitted). However, a court "may . . . consider documents attached to the complaint . . . as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Phillips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citations omitted). A court may also "properly take judicial notice of matters of public record." *Id.* (citing *Hall v. Virginia*, 385 F.3d 421, 424 (4th Cir. 2004)).

This Court has previously declined to consider several of the types of documents submitted here at the motion to dismiss stage. *See Corbett v. Duerring*, 780 F. Supp. 2d 486, 494 (S.D. W. Va. 2011) (declining to take judicial notice of newspaper articles on a 12(b)(6) motion to dismiss);[3] *Koontz v. Wells Fargo, N.A.*, No. 2:10-CV-00864, 2011 WL 1297519, at *7 (S.D. W. Va. Mar. 31, 2011) (declining to consider foreclosure notices attached to a motion to dismiss). While Plaintiffs have not responded to Seneca's Motion to Dismiss and thus have not challenged the authenticity of any of the attached documents, the Complaint does not rely on either of the letters mentioned

---

[3] Seneca relies on four extraneous documents in its argument that it complied with its fiduciary duty: (1) a letter from BB&T to Plaintiffs regarding their default, the amount necessary to cure, and the right to reinstate; (2) a letter from Seneca to Plaintiffs advising them of the foreclosure proceedings and noting the full amount of the debt; (3) a foreclosure notice; and (4) a notice of the foreclosure sale published in the *Jackson Herald*. While Seneca does not argue specifically why these documents are integral to the complaint or subject to judicial notice, the Court notes that the notice of foreclosure sale published in the *Jackson Herald* is the closest question. *See Bradacs v. Haley*, 58 F. Supp. 3d 499, 511 (D.S.C. 2014) ("Generally, a news article cannot be judicially noticed for the truth of what is reported, but can be judicially noticed for facts such that a fact was printed."). While it could be proper for the Court to take judicial notice of the fact that the notice was printed in the *Jackson Herald*, this alone would be insufficient to establish that Seneca complied with the notice requirements of the Deed of Trust and West Virginia law.

in Seneca's Memorandum, its foreclosure notice, or the notice posted in the *Jackson Herald*. Accordingly, the extraneous materials that Seneca asks the Court to consider are not matters of public record, nor are they integral to the complaint.

Were the Court to consider this extrinsic evidence, it would be required to convert Seneca's 12(b)(6) motion into one for summary judgment. Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."). The Fourth Circuit has interpreted "reasonable opportunity" to require that the court give notice to the parties that it is treating a motion to dismiss as one for summary judgment, so the opposing party can pursue reasonable discovery. *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985) (citing *Johnson v. RAC Corp.*, 491 F.2d 510, 513 (4th Cir. 1974)). Subject to this requirement, this Court has previously recognized that the decision to consider documents attached to a motion to dismiss and convert the motion to one for summary judgment is one of "complete discretion" for district courts. *Gilmore v. Bostic*, 636 F. Supp. 2d 496, 513 (S.D. W. Va. 2009) (citing 5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1366). The Court notes that in the present litigation, the parties are pursuing discovery and the dispositive motions deadline is in less than two months. Accordingly, the Court deems it more appropriate to make summary judgment decisions at that time and declines to consider the extraneous documents outside the Complaint.

Because Seneca's grounds for dismissal of Count II rely on documents outside the Complaint that the Court declines to consider, the Court does not find that the Count II fails to state a claim.

*C. Count III – Illegal Debt Collection*

Seneca offers four grounds for dismissal of Count III: (1) there are no relevant allegations against Seneca and the complaint lacks the requisite specificity, (2) the relevant allegations go beyond the duties of an independent trustee, (3) this claim is barred by Plaintiffs' bankruptcy discharge, and (4) this claim is time-barred.

Count III alleges that the Defendants "employed unfair and unconscionable collection tactics in violation of West Virginia Code § 46A-2-127." (ECF No. 1-3 ¶ 21.) That section provides that "[n]o debt collector shall use any fraudulent, deceptive or misleading representation or means to collect or attempt to collect claims or to obtain information concerning consumers," and provides a non-exhaustive list of violative conduct. W. Va. Code § 46A-2-127. Seneca asserts that Paragraph 20 of the Complaint, which states "Defendant BB&T refused to accept and/or credit payments to the Plaintiffs' account and then demanded monies that were not due," is the only factual allegation in support of this claim, and since it relates exclusively to BB&T, Count III fails to state a claim against Seneca. (ECF No. 1-3 ¶ 20.) While the Court notes that Paragraphs 6-11 allege that a BB&T representative misrepresented to Plaintiffs the status of the loan terms, these allegations also relate to BB&T, not Seneca. (ECF No. 1-3 ¶ 6-11.)

Accordingly, the only allegation relevant to Count III that addresses Seneca is the legal conclusion in Paragraph 21 that asserts that the Defendants violated § 46A-2-127. While the Court must accept as true all well-pleaded factual allegations in evaluating this motion, this tenet "is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Paragraph 21 of the Complaint makes a legal conclusion, it is not entitled to a presumption of truth. Accordingly, the Complaint does not allege facts that state a plausible claim against Seneca for a

8

violation of § 46A-2-127. Because the Court determines that Count III of the Complaint does not state a claim against Seneca, it is unnecessary to analyze Seneca's other grounds for dismissal of this Count.

### IV. CONCLUSION

Based on the foregoing, Seneca's Motion to Dismiss (ECF No. 6) is **GRANTED IN PART** as to Counts I and III and **DENIED IN PART** as to Count II. Counts I and III against Seneca are **DISMISSED**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: February 24, 2017

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE